UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE RELAFEN ANTITRUST
LITIGATION

)
)
)
)

STATE OF MARYLAND                          )          Master File
by Attorney General J. Joseph Curran, Jr.  )          No. 01-CV-12239 WGY
Office of the Attorney General             )          04 11726 WGY
Antitrust Division                         )
200 St. Paul Street                        )
Baltimore, Maryland 21202                  )
                                           )
        And                                )
                                           )
STATE OF ARKANSAS                          )
by Attorney General Mike Beebe             )
Antitrust Division                         )
323 Center St. Ste. 200                    )
Little Rock, Arkansas 72201                )
                                           )
        And                                )
                                           )
STATE OF IDAHO                             )
by Attorney General Lawrence Wasden        )
Office of the Attorney General             )
Len B. Jordan Building                     )
650 W. State St., Lower Level              )
Boise, Idaho 83720-0010                    )
                                           )
        And                                )
                                           )
STATE OF ILLINOIS                          )
by Attorney General Lisa Madigan           )
100 West Randolph Street, 13th Floor       )
Chicago, Illinois 60601                    )
                                           )
        And                                )
                                           )
STATE OF OREGON                            )
by Attorney General Hardy Myers            )
1162 Court Street NE                       )
Salem, Oregon 97301                        )
                                           )
        And                                )
                                           )
STATE OF WASHINGTON                        )
by Attorney General Rob McKenna            )
900 Fourth Avenue, Suite 2000              )
Seattle, Washington 98164                  )
                                           )

And      )
        )
STATE OF ALABAMA   )
by Attorney General Troy King   )
State House, 11 S. Union Street   )
Montgomery, Alabama 36130   )
        )
   And      )
        )
STATE OF ALASKA   )
by Acting Attorney General Scott J. Nordstrand   )
1031 W. Fourth Avenue, Suite 200   )
Anchorage, Alaska 99501   )
        )
   And      )
        )
STATE OF ARIZONA   )
by Attorney General Terry Goddard   )
1275 West Washington Street   )
Phoenix, Arizona 85007   )
        )
   And      )
        )
STATE OF COLORADO   )
by Attorney General John W. Suthers   )
1525 Sherman Street - Fifth Floor   )
Denver, Colorado 80203   )
        )
   And      )
        )
STATE OF CONNECTICUT   )
by Attorney General Richard Blumenthal   )
55 Elm Street   )
Hartford, Connecticut 06106   )
        )
   And      )
        )
STATE OF DELAWARE   )
by Attorney General M. Jane Brady   )
820 North French Street, 5th Floor   )
Wilmington, Delaware 19801   )
        )
   And      )
        )
DISTRICT OF COLUMBIA   )
by Attorney General Robert J. Spagnoletti   )
1350 Pennsylvania Avenue, N.W. Suite 409   )
Washington, DC 20004   )
        )
   And      )
        )

STATE OF FLORIDA )
by Attorney General Charlie Crist )
The Capitol, PL-01 )
Tallahassee, Florida 32399-1050 )
)
      And )
)
STATE OF GEORGIA )
By Attorney General Thurbert E. Baker )
40 Capitol Square, SW )
Atlanta, Georgia 30334 )
)
      And )
)
STATE OF HAWAII )
by Attorney General Mark J. Bennett )
425 Queen Street )
Honolulu, Hawaii 96813 )
)
      And )
)
STATE OF INDIANA )
by Attorney General Steve Carter )
302 West Washington St., IGCS 5th Floor )
Indianapolis, Indiana 46204 )
)
      And )
)
STATE OF IOWA )
by Attorney General Thomas J. Miller )
Iowa Department of Justice )
2nd Floor Hoover Office Bldg. )
Des Moines, Iowa 50319 )
)
      And )
)
STATE OF KANSAS )
by Attorney General Phil Kline )
120 S.W. 10th Ave., 2nd Floor )
Topeka, Kansas 66612-1597 )
)
      And )
)
COMMONWEALTH OF KENTUCKY )
by Attorney General Gregory D. Stumbo )
1024 Capital Center Drive )
Frankfort, Kentucky 40601 )
)

And                                             )
                                                )
STATE OF LOUISIANA                              )
by Attorney General Charles C. Foti, Jr.        )
Louisiana Department of Justice                 )
1885 N. 3rd St., 4th Floor                      )
Baton Rouge, Louisiana  70802                   )
                                                )
       And                                      )
                                                )
STATE OF MAINE                                  )
by Attorney General G. Steven Rowe              )
6 State House Station                           )
Augusta, Maine 04333-0006                       )
                                                )
       And                                      )
                                                )
COMMONWEALTH OF MASSACHUSETTS                   )
by Attorney General Thomas F. Reilly            )
One Ashburton Place                             )
Boston, Massachusetts  02108                    )
                                                )
       And                                      )
                                                )
STATE OF MICHIGAN                               )
by Attorney General Michael A. Cox              )
G. Mennen Williams Building, 6th Floor          )
525 W. Ottawa Street                            )
Lansing, Michigan  48913                        )
                                                )
       And                                      )
                                                )
STATE OF MINNESOTA                              )
by Attorney General Mike Hatch                  )
445 Minnesota Street, Ste. 1200                 )
St. Paul, Minnesota  55101                      )
                                                )
       And                                      )
                                                )
STATE OF MISSISSIPPI                            )
by Attorney General Jim Hood                    )
P.O. Box 220                                    )
Jackson, Mississippi  30275-0220                )
                                                )
       And                                      )
                                                )

STATE OF MISSOURI                                )
by Attorney General Jeremiah W. (Jay) Nixon      )
Supreme Court Bldg.                              )
207 W. High Street                               )
Jefferson City, Missouri  65101                  )
                                                 )
        And                                      )
                                                 )
STATE OF MONTANA                                 )
by Assistant Attorney General Cort Jensen        )
1219 8th Avenue                                  )
Helena, Montana  59620                           )
                                                 )
        And                                      )
                                                 )
STATE OF NEBRASKA                                )
by Attorney General Jon Bruning                  )
2115 State Capitol Building                      )
Lincoln, Nebraska  68509                         )
                                                 )
        And                                      )
                                                 )
STATE OF NEVADA                                  )
by Attorney General Brian Sandoval               )
555 E. Washington Ave., Suite 3900               )
Las Vegas, Nevada  89101                         )
                                                 )
        And                                      )
                                                 )
STATE OF NEW HAMPSHIRE                            )
by Attorney General Kelly A. Ayotte              )
33 Capitol Street                                )
Concord, New Hampshire  03301                    )
                                                 )
        And                                      )
                                                 )
STATE OF NEW JERSEY                              )
by Attorney General Peter C. Harvey              )
Richard J. Hughes Justice Complex                )
25 Market St., CN 080                            )
Trenton, New Jersey 08625                        )
                                                 )
        And                                      )
                                                 )
STATE OF NEW MEXICO                              )
by Attorney General Patricia A. Madrid           )
111 Lomas Boulevard, NW, Ste. 300                )
Albuquerque, New Mexico  87102                   )

And )
)
STATE OF NEW YORK )
by Attorney General Eliot Spitzer )
120 Broadway, Suite 26C )
New York, New York 10271-0332 )
)
And )
)
STATE OF NORTH CAROLINA )
by Attorney General Roy A. Cooper, III )
114 W. Edenton Street )
9001 Mail Service Center )
Raleigh, North Carolina 27699 )
)
And )
)
STATE OF NORTH DAKOTA )
by Attorney General Wayne Stenehjem )
P.O. Box 1054 )
4205 State Street )
Bismarck, North Dakota 58502-1054 )
)
And )
)
STATE OF OHIO )
by Attorney General Jim Petro )
150 East Gay Street, 20th Floor )
Columbus, Ohio 43215 )
)
And )
)
STATE OF OKLAHOMA )
by Attorney General W. A. Drew Edmondson )
4545 N. Lincoln Blvd., Ste. 260 )
Oklahoma City, Oklahoma 73105 )
)
And )
)
COMMONWEALTH OF PENNSYLVANIA )
by Attorney General Tom Corbett )
14th Floor, Strawberry Square )
Harrisburg, Pennsylvania 17120 )
)
And )
)

COMMONWEALTH OF PUERTO RICO )
By Secretary of Justice Roberto J. Sánchez Ramos )
GPO Box 902192 )
San Juan, Puerto Rico 00902-0192 )
)
)
    And )
)
STATE OF RHODE ISLAND )
By Attorney General Patrick C. Lynch )
150 S. Main Street )
Providence, Rhode Island 02903 )
)
    And )
)
STATE OF SOUTH CAROLINA )
by Attorney General Henry McMaster )
Rembert C. Dennis Building )
1000 Assembly Street, Suite 501 )
Columbia, SC 29211-1549 )
)
    And )
)
STATE OF SOUTH DAKOTA )
by Attorney General Lawrence E. Long )
500 East Capitol Avenue )
Pierre, South Dakota 57501-5070 )
)
    And )
)
STATE OF TENNESSEE )
by Attorney General Paul G. Summers )
500 Charlotte Ave. )
Nashville, Tennessee 37243 )
)
    And )
)
STATE OF TEXAS )
by Attorney General Greg Abbott )
Capitol Station, P.O.Box 12548 )
Austin, Texas 78711-2548 )
)
    And )
)
STATE OF UTAH )
by Attorney General Mark L. Shurtleff )
State Capitol Complex, E 320 )
Salt Lake City, Utah 84114 )
)

And    )
       )
STATE OF VERMONT    )
by Attorney General William H. Sorrell    )
109 State Street    )
Montpelier, Vermont 05609-1001    )
       )
       And    )
       )
TERRITORY OF THE VIRGIN ISLANDS    )
by Acting Attorney General Alva A. Swan    )
3438 Kronprindsens Gade    )
GERS Complex, 2nd Floor    )
St. Thomas, Virgin Islands 00802    )
       )
       And    )
       )
COMMONWEALTH OF VIRGINIA    )
by Attorney General Judith Williams Jagdmann    )
900 E. Main Street    )
Richmond, Virginia  23219    )
       )
       And    )
       )
STATE OF WISCONSIN    )
by Attorney General Peggy A. Lautenschlager    )
17 West Main Street    )
P.O. Box 7857    )
Madison, Wisconsin 57707-7857    )
       )
       And    )
       )
STATE OF WYOMING    )
by Attorney General Patrick J. Crank    )
123 Capitol Building    )
Cheyenne, Wyoming 82002    )
       )
       Plaintiffs    )
       )
       v.    )
       )
SmithKline Beecham Corporation    )
One Franklin Plaza    )
16th and Race Streets    )
Philadelphia, PA 19102,    )
       )
       And    )
       )

SmithKline Beecham plc,                          )
One Franklin Plaza                               )
16th and Race Streets                            )
Philadelphia, PA 19102,                          )
                                                 )
        Defendants.                              )
                                                 )
_____        )

### STATES FIRST AMENDED COMPLAINT

Plaintiffs, the States, Commonwealths, and Territories of Maryland, Arkansas, Idaho,

Illinois, Oregon, Washington, Alabama, Alaska, Arizona, Colorado, Connecticut, Delaware,

District of Columbia, Florida, Georgia, Hawaii, Indiana, Iowa, Kansas, Kentucky, Louisiana,

Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska,

Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota,

Ohio, Oklahoma, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota,

Tennessee, Texas, Utah, Vermont, Virgin Islands, Virginia, Wisconsin and Wyoming

(collectively "Plaintiff States" or "States"), by and through their respective Attorneys General,

bring this action against Defendants, SmithKline Beecham, plc and SmithKline Beecham

Corporation, d/b/a GlaxoSmithKline, plc (collectively "GSK" or "Defendants"), to secure

damages, injunctive and other equitable relief for Defendants' violations of federal and state

antitrust laws, consumer protection, and unfair and deceptive trade practices acts, allege as

follows:

### I.  INTRODUCTION

1.      Relafen® is a brand-name prescription drug containing nabumetone as its active

pharmaceutical ingredient. Relafen® is a non-steroidal anti-inflammatory drug ("NSAID"),

used to treat diseases characterized by inflammation, and a chemical compound disclosed by

U.S. Patent No. 4,420,639 (the "'639 Patent"). Prior to August 2001, no other brand-name or

generic nabumetone-based drug was marketed in the United States, due to the Defendants'

anticompetitive conduct including unlawfully obtaining and enforcing a monopoly for

Relafen® and nabumetone-based drugs through intentional misrepresentation to the U.S. Patent

and Trademark Office ("PTO"). In 2002, GSK's sales of Relafen® in the United States were

over $200 million.

2.    Defendants obtained a patent for nabumetone and had it listed in the Food and

Drug Administration's (FDA) *Orange Book*, defined below, which enabled Defendants to

falsely create and extend their monopoly for Relafen® and nabumetone. Defendants further

engaged in sham litigation to unlawfully enforce their patent, even though they knew that the

patent was invalid. As a result, consumers were forced to pay more for nabumetone.

3.    Plaintiff States seek the following: a) a finding that Defendants' actions violated

federal and state antitrust laws, consumer protection laws, unfair competition laws and other

related state laws; b) a permanent injunction preventing Defendants from submitting the '639

Patent for listing in the *Orange Book* and from taking other actions similar to those which

resulted in the improper delay in generic competition for nabumetone; and c) relief for injuries

sustained as a result of Defendants' violations of law.

## II. **PARTIES**

4.    Defendant SmithKline Beecham Corporation is a corporation organized and

existing under the laws of the Commonwealth of Pennsylvania, doing business as

GlaxoSmithKline ("SmithKline"). Its principal place of business is at One Franklin Plaza, 16th

and Race Streets, Philadelphia, Pennsylvania 19102. SmithKline develops, manufactures,

markets, sells, and distributes pharmaceutical products, including Relafen®.

5.    Defendant SmithKline Beecham plc is a corporation organized and existing

under the laws of the United Kingdom, and is a corporate affiliate of SmithKline Beecham

Corporation ("Beecham"). Its principal place of business within the United States is at One

Franklin Plaza, 16th and Race Streets, Philadelphia, Pennsylvania 19102. Both SmithKline

Beecham Corporation and SmithKline Beecham plc are hereinafter referred to as "GSK" or

"Defendants." Defendants manufacture and market Relafen® throughout the United States.

      6.    The States bring this action by and through their Attorneys General (a) in their

proprietary capacities on behalf of represented entities which may include state departments,

bureaus, agencies, political subdivisions, and other government entities as direct or indirect

purchasers, and/or as assignees of the antitrust causes of action of intermediate purchasers

through which they procured or reimbursed for such drugs, or as purchasers under medical or

pharmaceutical reimbursement programs, of Relafen® or any other nabumetone based drug

during the relevant period (hereinafter "State Governmental Entities"), (b) in their capacities as

enforcers of state law to enjoin violations, to disgorge unjust profits, and to provide relief for

injuries incurred in their states by securing damages and/or restitution, injunctions and other

equitable remedies. Plaintiff State of Illinois also brings this action, by and through its Attorney

General, under federal and state law, in its sovereign capacity, as parens patriae on behalf of

natural persons who paid for Relafen® or any other nabumetone product during the relevant

time period.

### III. JURISDICTION AND VENUE

      7.    Subject matter jurisdiction is proper pursuant to Section 2 of the Sherman Act,

15 U.S.C. § 2, and sections 4, 4C, 12 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 15c, 22 and

26, and under 28 U.S.C. §§ 1331, 1337.

      8.    In addition to pleading violations of federal antitrust law, the States also allege

violations of state antitrust, consumer protection and/or unfair competition statutes and related

state laws, as set forth below, and seek damages, civil penalties and/or equitable relief under

those state laws. All claims under federal and state law are based upon a common nucleus of

operative facts, and the entire action commenced by this Complaint constitutes a single case

that would ordinarily be tried in one judicial proceeding. This Court has jurisdiction of the non-

federal claims under 28 U.S.C. § 1367(a), and under the principles of supplemental jurisdiction.

Supplemental jurisdiction will avoid unnecessary duplication and multiplicity of actions, and

should be exercised in the interests of judicial economy, convenience, and fairness.

9.    Venue is proper in this Court under Section 12 of the Clayton Act, 15 U.S.C. §

22 and 28 U.S.C. § 1391(b) and (c). Defendants transact business in this district. Further, the

claims alleged arose, in whole or in part, in this judicial district, and a substantial portion of the

affected trade and commerce described below has been carried out in this judicial district.

## IV.  STATEMENT OF FACTS

### A.  Pioneer Drugs

10.    Under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, a

drug manufacturer must obtain approval from the FDA before the manufacturer may lawfully

begin selling a new drug (also called a "pioneer drug") in the United States.  21 U.S.C.

§ 355(a).  In order to obtain FDA approval, the manufacturer must file a New Drug Application

("NDA") demonstrating that the drug is safe and effective for its intended use. 21 U.S.C. §

355(b) or 355(j).

11.    The NDA must contain, among other things, data on the composition of the drug

product including its active ingredient, the means for its manufacture, and a statement of its

proposed uses. An NDA must list all patents that claim the approved drug where a claim of

patent infringement could reasonably be asserted against an unauthorized manufacturer or seller

of the drug. (21 U.S.C. § 355(b) and (c)).

12.    A pioneer drug is typically covered by one or more patents, which grant the

owner the right to exclude others from manufacturing for sale the new drug for the duration of

the patent(s) including any extensions of the original patent period granted pursuant to the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355 ("Hatch-Waxman" or "Hatch-Waxman Act").

13.    Once the NDA is approved, and upon certification by the brand-name manufacturer that the newly-issued patent meets the listing criteria, the FDA publishes the patent information submitted by the manufacturer in a publication commonly referred to as the *Orange Book. See* 21 U.S.C. § 355(j)(7)(a)(iii) (formally titled, "Approved Drug Products with Therapeutic Equivalent Evaluations"). The FDA has a long-standing, publicly announced policy of accepting at face value the accuracy of patent information it receives from a patent holder, and its eligibility for *Orange Book* filing.

14.    Once approved, a new drug may be labeled, marketed and advertised only for FDA-approved uses. A pharmacist filling a prescription must fill the prescription with the drug brand specified by the physician, unless an FDA-approved generic version is available and applicable state law provides for generic substitution.

## B.    <u>Generic Drugs</u>

15.    A generic drug is one that has been approved by the FDA as bioequivalent to a brand-name drug in dosage form, safety, strength, route of administration, quality, performance characteristics and intended use.

16.    Generic drugs are usually priced substantially below the brand-name drug. Typically, the first generic drug to be sold is priced at a percentage discount off the brand-name drug price, and even steeper price reductions occur as additional generic versions become available.

17.    A brand-name drug generally loses substantial market share to generic competition within a relatively short time after a generic is introduced to the market. Consumers

covered by some form of insurance or benefit plan often switch to a generic bioequivalent and may be encouraged to do so by virtue of a lower co-payment for generics. Consumers who pay cash for prescriptions also switch from brand-name to generic drugs to obtain the lower price.

18.    A principal goal of the Hatch-Waxman Act is to facilitate generic competition by streamlining the process by which manufacturers of generic drugs receive regulatory approval to bring their products to market. *See Mova Pharmaceuticals Corp. v. Shalala*, 140 F.3d 1060, 1068 (D.C. Cir. 1998). Under Hatch-Waxman, a company may seek expedited FDA approval to market a generic version of a brand-name drug with an approved NDA by filing an Abbreviated New Drug Application ("ANDA") pursuant to 21 U.S.C. § 355(j). An ANDA filer relies on the safety and efficacy data already filed with the FDA by the brand-name manufacturer. 21 U.S.C. § 355(j)(2)(A)(I).

19.    In its ANDA, a generic manufacturer generally must certify to the FDA that one of the following conditions is satisfied: (i) no patent covering the drug has been filed with the FDA ("Paragraph I Certification"); (ii) the patent for the brand-name drug has expired ("Paragraph II Certification"); (iii) the patent for the brand-name drug will expire on a particular date, and the generic company does not seek to market its generic product before that date ("Paragraph III Certification"); or (iv) the patent for the brand-name drug is invalid or will not be infringed by the generic company's proposed product ("Paragraph IV Certification"). 21 U.S.C. § 355(j)(2)(A)(vii).

20.    Pursuant to a Paragraph III or Paragraph IV Certification, the Hatch-Waxman Act allows ANDA filers to perform all necessary testing, to submit an application for approval, and to receive tentative approval before the relevant patents covering the brand-name pioneer drug expire. Upon the patents' expiration and receipt of FDA final approval, the generic drug companies may market their generic versions of the brand-name drug.

21.    If the generic manufacturer submits a Paragraph IV Certification, it must notify the patent owner of the filing and explain why the patent is invalid or will not be infringed. 21 U.S.C. § 355(j)(2)(A)(vii)(IV). If the patent holder fails to initiate an infringement suit within forty-five days of receipt of the notice, FDA approval of the ANDA proceeds without regard to patent issues. However, if a patent infringement suit is brought within the forty-five day window, the FDA is automatically barred from approving the ANDA until the earliest of thirty months after the patent holder's receipt of the Paragraph IV Certification, the patent expires, or a final judicial determination of non-infringement. 21 U.S.C. § 355(j)(5)(B)(iii).

## C.  Defendants' Anticompetitive Conduct

**Defendants Made Intentional Misrepresentations to the PTO and Engaged in Sham Litigation to Obtain and Maintain an Improper Monopoly for Relafen® and Nabumetone**

22.    Defendants own the '639 Patent which purported to cover the chemical compound nabumetone. Pursuant to NDA No. 19-583, Defendants have marketed Relafen®, whose active ingredient is nabumetone, in the United States and elsewhere since February 1992. The '639 Patent resulted from the filing of six U.S. patent applications, and ultimately expired on December 13, 2002.

23.    Copley Pharmaceutical, Inc. ("Copley"), Teva Pharmaceuticals USA, Inc. ("Teva"), and Eon Labs Manufacturing, Inc. ("Eon") (collectively the "Generic Manufacturers") each manufacture generic pharmaceutical products. Each filed an ANDA with the FDA to market generic versions of Relafen®.

24.    On August 4, 1997, Copley filed ANDA No. 75-179, the first ANDA for a generic version of the Relafen® 750 mg tablet with a Paragraph IV Certification that the '639 Patent was either invalid or not infringed.

25.    On August 18, 1997, Teva filed ANDA No. 75-189, the first ANDA for a generic version of the Relafen® 500 mg tablet with a Paragraph IV Certification that the '639

Patent was either invalid or not infringed. Teva acquired Copley on August 10, 1999, consolidating the ANDAs for both the 500 mg and 750 mg strengths of generic Relafen®.

26.     On December 18, 1997, Eon filed ANDA 75-280 for a generic version of the Relafen® 500 mg and 750 mg tablets with a Paragraph IV Certification that the '639 Patent was either invalid or not infringed.

27.     The Generic Manufacturers each gave written notice ("notice of certification") to Beecham, pursuant to 21 U.S.C. § 355(j)(2)(B)(i) and (ii), that their ANDAs and the accompanying certification had been filed with the FDA.

28.     Defendants sued for infringement of the '639 Patent within forty-five days of the notices of certification (hereinafter referred to collectively as the "Infringement Actions"). Upon filing of the first suit, a 30-month stay of the FDA's authority to grant final marketing approval to the Generic Manufacturers was granted. Final approval could not be given to Teva's and Copley's ANDAs until either they prevailed in the Infringement Actions, or the 30-month stay expired.

29.     The Infringement Actions were consolidated for all purposes and captioned as *In re '639 Patent Litigation*, Civil Action No.97-12416-RCL (D. Mass.) and were assigned to the Honorable Reginald C. Lindsay.

30.     The Generic Manufacturers claimed that the '639 Patent was invalid because nabumetone was anticipated by prior art, namely a 1973 article by scientists J.N. Chatterjea and R. Prasad entitled "Condensation of Mannich Base Salts with Phenols: Orientation of Adducts," published in the *Indian Journal of Chemistry*, Volume 11 at 214-18 (March 1973) (the "Chatterjea & Prasad publication"). The Generic Manufacturers argued that the Chatterjea & Prasad publication identified and enabled nabumetone and therefore anticipated all claims set forth in the '639 Patent, either explicitly or inherently. They also claimed that the '639 Patent

was unenforceable because Beecham breached its duty of candor to, and engaged in inequitable conduct before, the PTO. *In re '639 Patent Litigation*, 154 F.Supp. 2d 157, 160 (D.Mass. 2001).

31.    At all relevant times, Defendants knew that the '639 Patent was not their intellectual development, was anticipated by prior art, and that the '639 Patent was not enforceable because Defendants and their representatives had knowingly made material misrepresentations to the PTO in connection with the prosecution of that patent.

32.    Nonetheless, Defendants commenced, prosecuted, and maintained the sham Infringement Actions against the Generic Manufacturers and defended against their counterclaim suits for the improper purpose of maintaining a monopoly in the sale of nabumetone-based prescription drugs in the United States ("Relevant Market"), and to conceal that unlawful interference and monopoly maintenance.

33.    Defendants continued to maintain the sham *Orange Book* listing, the Infringement Actions, and their sham defenses of the counterclaim suits knowingly, intentionally, affirmatively, with the purpose of unlawfully maintaining their monopoly in the Relevant Market, and with the effect of affirmatively and continuously foreclosing the Generic Manufacturers and any other competitors from the Relevant Market.

34.    The FDA granted tentative approval to Eon's ANDA No. 75-280 on August 8, 1998, for nabumetone 500 mg and 750 mg tablets, and to Teva's ANDA No. 75-189 for nabumetone 500 mg and 750 mg tablets on December 24, 1998. This tentative approval reflected the FDA's determination that all the criteria for ANDA "Final" approval had been satisfied, except for the resolution of issues relating to patents or the 180-day exclusivity period. Final approval could not be granted until either the resolution of pending patent infringement litigation or the expiration of the 30-month stay.

35.    Final approval was granted on May 26, 2000 to Teva's ANDA No. 75-189 for nabumetone 500 mg tablets, and on June 6, 2000 to Copley's ANDA No. 75-179 for nabumetone 750 mg tablets.

**The Court's Ruling Invalidating The '639 Patent**

36.    On August 14, 2001, Judge Lindsay invalidated the '639 Patent due to prior art and anticipation. The Court also held that the '639 Patent was unenforceable because the Defendants made material misrepresentations to the PTO.

37.    The Court then found that the material misrepresentations made by Defendants were made with the intent of deceiving the PTO and entered judgment in favor of the Generic Manufacturers and against SmithKline and Beecham for patent invalidity and unenforceability.

38.    Defendants appealed that decision, which was affirmed on August 15, 2002, on the grounds that the patent was invalid because it had been anticipated by prior art. *SmithKline Beecham Corp. v. Copley Pharmaceutical, Inc.*, No. 01-1611, 2002 WL 1890708 (Fed. Cir. Aug. 15, 2002). The Court of Appeals did not reach the issue of inequitable conduct. *Id.* Defendants' post-appeal petitions were denied.

39.    Teva began selling a 500 mg generic version of Relafen® on or about August 20, 2001. Teva began selling its 750 mg generic version on or about September 26, 2001.

40.    Throughout the course of the proceedings before the PTO and for much of the litigation of the Infringement Actions, Defendants knowingly, willfully and fraudulently concealed the true facts about the Chatterjea & Prasad publication, their knowledge of the existence of prior art, and their misrepresentations to the PTO in order to wrongfully obtain the '639 Patent and to prevent and discourage lawful competition. Thus, Plaintiff States were prevented from discovering the Defendants' illegal conduct.

## V.  RELEVANT MARKET

41.    The relevant product market is the manufacture and sale of nabumetone-based prescription drugs.  The relevant geographic market is the United States, including its commonwealths, territories, and protectorates as a whole.

42.    The only seller of prescription drugs containing nabumetone in the United States could impose a significant, non-transitory price increase without losing sales sufficient to render the price increase unprofitable, as demonstrated by the Defendants' ability to charge supracompetitive prices for nabumetone during the period in which Relafen® lacked generic competition.

43.    A material change in the price of nabumetone relative to that of other NSAIDs would not induce patients to switch.  Other NSAIDs are not reasonably considered viable substitutes for Relafen® and generic nabumetone.  Each NSAID may cause a variety of side effects, the most common of which are gastrointestinal side effects.  Relafen® and generic nabumetone may produce gastrointestinal and other side effects, but in a manner and extent which are different from, and less severe than, the gastrointestinal side effects of other NSAIDs.

44.    Until approximately August 20, 2001, Defendants were the only manufacturers and sellers of prescription drugs containing nabumetone in the United States.  Their share of the Relevant Market was 100%.

## VI.  TRADE AND COMMERCE

45.    Throughout the relevant period, Relafen® was sold throughout the United States. Relafen® and nabumetone were transported across state lines and sold in each of the Plaintiff States.

46.    Defendants' activities, including manufacturing, marketing, distributing and selling Relafen® and nabumetone were in the regular, continuous, and substantial flow of

interstate commerce, and have had, and continue to have, a substantial effect upon interstate commerce.

## VII. MARKET EFFECTS

47.     Defendants' illegal conduct had the purpose or effect of, or the tendency or capacity to, unreasonably restrain and injure competition by preventing the entry of generic nabumetone.

48.     Absent Defendants' anticompetitive conduct, at least one generic competitor would have begun marketing a generic version of nabumetone well before August 2001.

49.     If a generic competitor had been able to enter the Relevant Market and compete with Defendants, the State Governmental Entities (as payors, purchasers, and reimbursers) would have been free to substitute -- and would have substituted -- a lower-priced generic for the higher-priced brand-name drug.

50.     By preventing generic competitors from entering the market, Defendants deprived Plaintiff States of the competition that the federal and state antitrust laws, consumer protection laws and/or unfair competition statutes and related state laws are designed to promote, preserve, and protect.

## VIII. INJURY

51.     But for Defendants' anticompetitive acts, the State Governmental Entities and Illinois consumers would have been able to purchase a generic nabumetone product at a far lower price than the monopoly prices maintained by Defendants, and beginning at an earlier time.

52.     As a direct and proximate result of the unlawful conduct alleged above, Plaintiff States, including their State Governmental Entities and Illinois consumers, were not able to purchase, or pay reimbursements for purchases of, nabumetone products at prices determined

by free and open competition, and consequently have been injured in their business and property in that, *inter alia*, they have paid more and continue to pay more for nabumetone products than they would have paid in a free and open competitive market.

    53.    As a direct and proximate result of the unlawful conduct alleged above, Defendants have unjustly profited through inflated profit margins and have thus far retained the illegally obtained profits.

### IX. ALLEGATIONS UNDER FEDERAL LAW

### COUNT I
### (Violations of Section 2 of the Sherman Act)

    54.    Plaintiff States repeat each and every preceding allegation as if fully set forth herein.

    55.    At all relevant times, Defendants maintained monopoly power in the Relevant Market.

    56.    As described above, Defendants knowingly and willfully engaged in conduct designed to unlawfully obtain and extend their monopoly power in the Relevant Market. These actions included, among others, (i) intentionally submitting false patent information to the FDA; (ii) intentionally submitting fraudulent statements to, and omitting material facts from, the PTO; (iii) prosecuting baseless, sham patent litigation against the Generic Manufacturers; and (iv) maintaining sham defenses to the counterclaims by the Generic Manufacturers.

    57.    Defendants' Infringement Actions were objectively baseless due to, *inter alia*, the presence of the Chatterjea & Prasad publication, and therefore constituted sham litigation. Further, the purpose of Defendants' notification in bringing the actions was to directly interfere with the ability of the Generic Manufacturers to market less expensive generic versions of Relafen® to compete with the brand-name product.

58.    Defendants illegally created and maintained monopoly power in the Relevant Market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

59.    Defendants' conduct in unlawfully obtaining and maintaining a monopoly in the market for Relafen® and nabumetone injured the Plaintiff States in their business or property. Plaintiff States, including State Governmental Entities and Illinois consumers, were deprived of the ability to purchase less expensive, generic versions of Relafen® and paid higher prices for nabumetone-based products than they would have paid, absent Defendants' unlawful conduct.

60.    Defendants' anticompetitive and unlawful conduct alleged herein has injured competition in the Relevant Market by obtaining and maintaining their power to exclude competitors, reduce output, charge monopoly prices, reap monopoly profits and otherwise thwart competition in the Relevant Market.

**COUNT II**
**(Unjust Enrichment)**

61.    Plaintiff States repeat each and every preceding allegation as if fully set forth herein.

62.    As a result of their unlawful conduct described above, Defendants have been and will continue to be unjustly enriched. Defendants' unlawful acts include improperly listing their patent in the *Orange Book*; submitting fraudulent misrepresentations to, and concealing material facts from the PTO; filing and pursuing baseless patent infringement actions; and maintaining baseless defenses to counterclaims at the expense of the Plaintiff States, including State Governmental Entities and Illinois consumers.

63.    The overcharges and unlawful monopoly profits derived by Defendants through charging supracompetitive and artificially inflated prices for Relafen® are the direct and proximate result of Defendants' unlawful practices.

64.    The financial benefits derived by Defendants rightfully belong in substantial part to the Plaintiff States, including State Governmental Entities and Illinois consumers.

65.    It would be inequitable and unjust for Defendants to be permitted to retain any of the unlawful proceeds resulting from their fraudulent, illegal, and inequitable conduct.

66.    Defendants should be compelled to disgorge all unlawful or inequitable proceeds received by them. A constructive trust should be imposed upon all unlawful or inequitable sums received by Defendants traceable to Plaintiff States, including State Governmental Entities and Illinois consumers.

## X.  SUPPLEMENTAL STATE LAW CLAIMS

67.    Defendants' conduct described herein constitutes unlawful acts of monopolization and attempts to monopolize, as well as prohibited practices and unconscionable conduct under the antitrust and/or unfair and deceptive trade practices acts of the Plaintiff States, as set forth below.

68.    Plaintiff States seek damages, multiple damages, treble damages, and other damages as permitted by state law, for their injuries caused by these violations pursuant to federal and state law as set forth below. Plaintiff States also seek a declaratory judgment that Defendants' conduct in seeking to prevent competition through the use of the invalid '639 Patent is unlawful. Plaintiff States further seek equitable and injunctive relief to correct for the anti-competitive market effects and other harms to purchasers caused by the unlawful conduct of Defendants, and other relief so as to assure that similar conduct does not occur in the future.

69.    Plaintiff State of Alabama repeats and realleges each and every allegation contained in paragraphs 1 through 68.

70.    Defendants' acts violate, and/or Plaintiff State of Alabama is entitled to relief under, the Alabama Deceptive Trade Practices Act, § 8-19-1, *et seq.*, Code of Alabama 1975.

Section 8-19-11, Code of Alabama 1975 provides for civil penalties and reasonable attorney fees.

71.    Plaintiff State of Alaska repeats and realleges each and every allegation contained in paragraphs 1 through 68.

72.    Defendants' acts violate, and Plaintiff State of Alaska is entitled to relief under, the AS 45.50.471 *et seq.* and AS 45.50.562 *et seq.*

73.    Plaintiff State of Arizona repeats and realleges each and every allegation contained in paragraphs 1 through 68.

74.    Defendants' acts violate, and Plaintiff State of Arizona is entitled to relief under, the Arizona Uniform State Antitrust Act, Ariz. Rev. Stat. Section 44-1401 *et seq.*

75.    Plaintiff State of Arkansas repeats and realleges each and every allegation contained in paragraphs 1 through 68.

76.    Defendants' acts violate, and Plaintiff State of Arkansas is entitled to relief under, the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.* and the Arkansas Unfair Practices Act, Ark. Code Ann. §§ 4-75-201, *et. seq,* 4-75-301, *et. seq.*

77.    Plaintiff State of Colorado repeats and realleges each and every allegation contained in paragraphs 1 through 68.

78.    Defendants' acts violate, and Plaintiff State of Colorado is entitled to relief under, the Colorado Antitrust Act of 1992, § 6-4-101, *et seq.*, Colo. Rev. Stat.

79.    Plaintiff State of Connecticut repeats and realleges each and every allegation contained in paragraphs 1 through 68.

80.    Defendants' acts violate, and Plaintiff State of Connecticut is entitled to relief under, the Connecticut Antitrust Act, Conn. Gen. Stat § 35-24 *et seq.*, and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

81.    Plaintiff State of Delaware repeats and realleges each and every allegation contained in paragraphs 1 through 68.

82.    Defendants' acts violate, and/or Plaintiff State of Delaware is entitled to relief under, the Delaware Antitrust Act, 6 *Del.C.* § 2101 *et seq.*, the Delaware Consumer Fraud Act, 6 *Del.C.* § 2511 *et seq.*, and the Uniform Deceptive Trade Practices Act, 6 *Del.C.* § 2511 *et seq.*

83.    Plaintiff District of Columbia repeats and realleges each and every allegation contained in paragraphs 1 through 68.

84.    Defendants' acts violate, and Plaintiff District of Columbia is entitled to relief under, the District of Columbia Office Code §§ 28-4501 *et seq.*

85.    Plaintiff State of Florida repeats and realleges each and every allegation contained in paragraphs 1 through 68.

86.    Defendants' acts violate, and Plaintiff State of Florida is entitled to relief under, the Florida Antitrust Act of 1980, § 542.15 Florida Statutes, *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act, § 501.201 Florida Statutes, *et seq.*

87.    Plaintiff State of Georgia repeats and realleges each and every allegation contained in paragraphs 1 through 68.

88.    Defendants' acts violate, and/or Plaintiff State of Georgia is entitled to relief under, the O.C.G.A., § 13-8-2 and Ga. Const. Art. III, § VI, para. V (1983).

89.    Plaintiff State of Hawaii repeats and realleges each and every allegation contained in paragraphs 1 through 68.

90.    Defendants' acts violate, and Plaintiff State of Hawaii is entitled to relief under, the Haw. Rev. Stat. Chapter 480, Monopolies; Restraint of Trade, §§ 480-1 *et seq.*

91.    Plaintiff State of Idaho repeats and realleges each and every allegation contained in paragraphs 1 through 68.

92.    Defendants' acts violate, and Plaintiff State of Idaho is entitled to relief under, the Idaho Competition Act, Idaho Code §§ 48-101 *et seq.*

93.    Plaintiff State of Illinois repeats and realleges each and every allegation contained in paragraphs 1 through 68.

94.    Defendants' acts violate, and Plaintiff State of Illinois is entitled to relief under, the Illinois Antitrust Act, 740 ILCS 10/1 *et seq.*, including without limitation 740 ILCS 10/3(3). The Illinois Attorney General possesses authority to settle and release consumer claims in a parens patriae or other representative capacity. This authority to represent consumers has been judicially recognized, and the functional equivalent of parens patriae authority has been expressly conferred by the state legislature.

95.    Plaintiff State of Indiana repeats and realleges each and every allegation contained in paragraphs 1 through 68.

96.    Defendants' acts violate, and Plaintiff State of Indiana is entitled to relief under, the Indiana Code § 24-1-1-1, *et seq.*

97.    Plaintiff State of Iowa repeats and realleges each and every allegation contained in paragraphs 1 through 68.

98.    Defendants' acts violate, and Plaintiff State of Iowa is entitled to relief under, the Iowa Competition Act, Iowa Code sections 553, *et seq.*, the Iowa Consumer Fraud Act, Iowa Code section 714.16, and Iowa common law.

99.    Plaintiff State of Kansas repeats and realleges each and every allegation contained in paragraphs 1 through 68.

100.    Defendants' acts violate, and Plaintiff State of Kansas is entitled to relief under, the laws of the State of Kansas, including, without limitation: the Kansas Restraint of Trade Act, Kansas Statutes Annotated 50-101 *et seq.* and its predecessor; the Kansas Consumer Protection Act, Kansas Statutes Annotated 50-101 *et seq.* and its predecessor, the common laws

of Kansas including, without limitation: the common law of fraud, unconscionable acts or

practices, deceptive acts and practices, unfair methods of competition, and unjust enrichment.

101.    Plaintiff Commonwealth of Kentucky repeats and realleges each and every

allegation contained in paragraphs 1 through 68.

102.    Defendants' acts violate, and Plaintiff Commonwealth of Kentucky is entitled to

relief under, the Kentucky Antitrust Law, KRS 367.175, the Kentucky Consumer Protection Act

KRS 367.110 *et seq.*, and the common law of Kentucky.

103.    Plaintiff State of Louisiana repeats and realleges each and every allegation

contained in paragraphs 1 through 68.

104.    Defendants' acts violate, and Plaintiff State of Louisiana is entitled to relief

under, the LSA R.S. 51:122 *et seq.*; 51:1401 *et seq.*

105.    Plaintiff State of Maine repeats and realleges each and every allegation

contained in paragraphs 1 through 68.

106.    Defendants' acts violate, and Plaintiff State of Maine is entitled to relief under,

the Monopolies and Profiteering law, 10 M.R.S.A. sec 1102, and its Unfair Trade Practices Act,

5 M.R.S.A. sec. 207.

107.    Plaintiff State of Maryland repeats and realleges each and every allegation

contained in paragraphs 1 through 68.

108.    Defendants' acts violate, and Plaintiff State of Maryland is entitled to relief

under, the Maryland Antitrust Act, Md. Com. Law Code Ann. § 11-201, *et seq.* (2000).

109.    Plaintiff Commonwealth of Massachusetts repeats and realleges each and every

allegation contained in paragraphs 1 through 68.

110.    Defendants' acts violate, and Plaintiff Commonwealth of Massachusetts is

entitled to relief under, the Massachusetts Consumer Protection Act, G.L. c. 93A sec. 2(a) *et*

*seq.*

111.    Plaintiff State of Michigan repeats and realleges each and every allegation contained in paragraphs 1 through 68.

112.    Defendants' acts violate, and Plaintiff State of Michigan is entitled to relief under, the Michigan Antitrust Reform Act, Mich. Comp. Laws Ann. § 445.771 *et seq.*, the Michigan Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901 *et seq.*, and the common law of Michigan.

113.    Plaintiff State of Minnesota repeats and realleges each and every allegation contained in paragraphs 1 through 68.

114.    Defendants' acts violate, and Plaintiff State of Minnesota is entitled to relief under, the Minnesota Antitrust Law of 1971, Minn. Stat. § 325D.49-66, Minn. Stat. § 8.31, and the common law of Minnesota.

115.    Plaintiff State of Mississippi repeats and realleges each and every allegation contained in paragraphs 1 through 68.

116.    Defendants' acts violate, and Plaintiff State of Mississippi is entitled to relief under, its Consumer Protection Act found at Miss. Code Ann. § 75-24-1, *et seq.* (1972), as amended) and its Antitrust Act found at Miss. Code Ann. § 75-21-1, *et seq.* (1972, as amended).

117.    Plaintiff State of Missouri repeats and realleges each and every allegation contained in paragraphs 1 through 68.

118.    Defendants' acts violate, and Plaintiff State of Missouri is entitled to relief under, the Missouri Merchandising Practices Act, Mo. Rev. Stat. Section 407.010 *et seq.*, the Missouri Antitrust Law, Mo. Rev. Stat. Section 416.011 *et seq.* and the common law of Missouri.

119.    Plaintiff State of Montana repeats and realleges each and every allegation contained in paragraphs 1 through 68.

120.    Defendants' acts violate, and Plaintiff State of Montana is entitled to relief under, Mont. Code Ann. § 30-14-205.

121.    Plaintiff State of Nebraska repeats and realleges each and every allegation contained in paragraphs 1 through 68.

122.    Defendants' acts violate, and Plaintiff State of Nebraska is entitled to relief under, the Unlawful Restraint on Trade, Neb.Rev.Stat. sec. 59-801, *et seq.* (Reissue 2004), Consumer Protection Act, Neb.Rev.Stat. sec. 59-1601 *et seq.* (Reissue 2004), Uniform Deceptive Trade Practices Act, sec. 87-301 *et seq.* (Reissue 1999, Cum Supp 2004).

123.    Plaintiff State of Nevada  repeats and realleges each and every allegation contained in paragraphs 1 through 68.

124.    Defendants' acts violate, and Plaintiff State of Nevada is entitled to relief under, the Nevada Unfair Trade Practice Act, Nev. Rev. Stat. § 598A.010, *et seq.*

125.    Plaintiff State of New Hampshire repeats and realleges each and every allegation contained in paragraphs 1 through 68.

126.    Defendants' acts violate, and Plaintiff State of New Hampshire is entitled to relief under, the New Hampshire Rev. Stat. Ann. 356:2, *et seq.*  Michie Butterworth, 1995 & Supp. 2004.

127.    Plaintiff State of New Jersey repeats and realleges each and every allegation contained in paragraphs 1 through 68.

128.    Defendants' acts violate, and Plaintiff State of New Jersey is entitled to relief under, the New New Jersey Antitrust Act, N.J.S.A. 56:9-1, *et seq.*

129.    Plaintiff State of  New Mexico repeats and realleges each and every allegation contained in paragraphs 1 through 68.

130.    Defendants' acts violate, and Plaintiff State of New Mexico is entitled to relief under, the New Mexico Antitrust Act, § 57-1-1 *et seq.*, NMSA 1978, and the New Mexico Unfair Practices Act, § 57-12-1 *et seq.*, NMSA 1978.

131.    Plaintiff State of New York repeats and realleges each and every allegation contained in paragraphs 1 through 68.

132.    Defendants' acts violate, and Plaintiff State of New York is entitled to relief under, the N.Y. Gen. Bus. Law §§ 340-347, and constitute fraudulent or illegal acts under N.Y. Exec. Law § 63(12) and deceptive acts under N.Y. Gen. Bus. Law § 349.

133.    Plaintiff State of North Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 68.

134.    Defendants' acts violate, and Plaintiff State of North Carolina is entitled to relief under, the N.C. Gen. Stat. §§ 75-1, 75-1.1, 75-2 and 75-2.1.

135.    Plaintiff State of North Dakota repeats and realleges each and every allegation contained in paragraphs 1 through 68.

136.    Defendants' acts violate, and Plaintiff State of North Dakota is entitled to relief under, the North Dakota State Antitrust Act, N.D.C.C. § 51-08. 1-01 *et seq.*, and North Dakota's Consumer Protection Act, N.D.C.C. § 51-15-01, *et seq.*

137.    Plaintiff State of Ohio repeats and realleges each and every allegation contained in paragraphs 1 through 68.

138.    Defendants' acts violate, and Plaintiff State of Ohio is entitled to relief under, Ohio's Antitrust Law, Ohio Revised Code §§ 109.81 and 1331.01, *et seq.*, and the common law of Ohio.

139.    Plaintiff State of Oklahoma repeats and realleges each and every allegation contained in paragraphs 1 through 68.

140.    Defendants' acts violate, and Plaintiff State of Oklahoma is entitled to relief under, 79 O.S. 2001 s. 205.

141.    Plaintiff State of Oregon repeats and realleges each and every allegation contained in paragraphs 1 through 68.

142.    Defendants' acts violate, and Plaintiff State of Oregon is entitled to relief under, the Oregon Antitrust Act, ORS 646.705, *et seq.*

143.    Plaintiff State of Pennsylvania repeats and realleges each and every allegation contained in paragraphs 1 through 68.

144.    Defendants' acts violate, and Plaintiff Commonwealth of Pennsylvania is entitled to relief under, the Pennsylvania common law doctrines against monopolies and unjust enrichment, proceeding under 71 Pennsylvania Statutes Annotated § 732-204(c).

145.    Plaintiff Commonwealth of Puerto Rico repeats and realleges each and every allegation contained in paragraphs 1 through 68.

146.    Defendants' acts violate, and Commonwealth of Puerto Rico is entitled to relief under, the Commonwealth of Puerto Rico, Monopolies and Restraint, Act No. 77 as amended, June 25, 1964, 10 laws P.R. Ann. § 257 *et seq.*

147.    Plaintiff State of Rhode Island repeats and realleges each and every allegation contained in paragraphs 1 through 68.

148.    Defendants' acts violate, and Plaintiff State of Rhode Island is entitled to relief under, Rhode Island common law doctrines against fraudulent misrepresentation and unjust enrichment, the Rhode Island Deceptive Trade Practices Act, R.I. Gen.Laws Chapter 6-13.1, and the Rhode Island Antitrust Act, R.I.Gen Laws Chapter 6-36.

149.    Plaintiff State of South Carolina repeats and realleges each and every allegation contained in paragraphs 1 through 68.

150.    Defendants' acts violate, and Plaintiff State of South Carolina is entitled to relief under, the South Carolina Unfair Trade Practices Act - Sections 39-5-10 *et seq.*

151.    Plaintiff State of South Dakota repeats and realleges each and every allegation contained in paragraphs 1 through 68.

152.    Defendants' acts violate, and Plaintiff State of South Dakota is entitled to relief under, S.D. Codified Laws ch. 37-1.

153.    Plaintiff State of Tennessee repeats and realleges each and every allegation contained in paragraphs 1 through 68.

154.    Defendants' acts violate, and Plaintiff State of Tennessee is entitled to relief under, Tenn. Code Ann. § 8-6-109, § 47-18-101 *et seq.* (The Tennessee Consumer Protection Act of 1977), Code Ann. § 47-18-108, Tenn. Code Ann. § 47-18-106, Tenn. Code Ann. §§ 8-6-109 and 47-18-101 *et seq.*

155.    Plaintiff State of Texas repeats and realleges each and every allegation contained in paragraphs 1 through 68.

156.    Defendants' acts violate, and Plaintiff State of Texas is entitled to relief under, the Texas Free Enterprise and Antitrust Act, Texas Business and Commerce Code § 15.01, *et seq.*

157.    Plaintiff State of Utah repeats and realleges each and every allegation contained in paragraphs 1 through 68.

158.    Defendants' acts violate, and Plaintiff State of Utah is entitled to relief under, the Utah Antitrust Act, Utah Code Ann. § 76-10-911 *et seq.* and the common law of Utah.

159.    Plaintiff State of Vermont repeats and realleges each and every allegation contained in paragraphs 1 through 68.

160.    Defendants' acts violate, and Plaintiff State of Vermont is entitled to relief under, the Vermont Consumer Fraud Act, 9 V.S.A. Sec. 2451 *et seq.*

161.    Plaintiff Territory of the Virgin Islands repeats and realleges each and every allegation contained in paragraphs 1 through 68.

162.    Defendants' acts violate, and Plaintiff Territory of the Virgin Islands is entitled to relief under, Title 3, Chapter 8, Section 114 of the Virgin Islands Code.

163.    Plaintiff Commonwealth of Virginia repeats and realleges each and every allegation contained in paragraphs 1 through 68.

164.    Defendants' acts violate, and Plaintiff Commonwealth of Virginia is entitled to relief under, the Virginia Antitrust Act, § 59.1-9.1, *et seq.*, Va. Code Ann. 2001.

165.    Plaintiff State of Washington repeats and realleges each and every allegation contained in paragraphs 1 through 68.

166.    Defendants' acts violate, and Plaintiff State of Washington is entitled to relief under, Wash. Rev. Code 19.86 RCW.

167.    Plaintiff State of Wisconsin repeats and realleges each and every allegation contained in paragraph 1 through 68.

168.    Defendants' acts violate, and Plaintiff State of Wisconsin is entitled to relief under, Wis. Stat. § 133.03 and Wis. Stat. §§ 133.16-18.

169.    Plaintiff State of Wyoming repeats and realleges each and every allegation contained in paragraph 1 through 68.

170.    Defendants' acts violate, and Plaintiff State of Wyoming is entitled to relief under, (I) Wyoming's "Discrimination" statutes as set out by Wyo. Stat. §§ 40-4-101 through 123 and (ii) portions of the "Wyoming Consumer Protection Act" as set out by Wyo. Stat. §§ 40-12-101 through 114.

## XI. **RELIEF REQUESTED**

Accordingly, the Plaintiff States pray that this Court:

171.    Adjudge and decree that Defendants engaged in conduct in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

172.    Adjudge and decree that Defendants engaged in conduct in violation of the state statutes and state laws set forth in this Complaint;

173.    Enjoin and restrain, pursuant to federal and state law, Defendants, their affiliates, assignees, subsidiaries, successors and transferees, and the officers, directors, partners, agents and employees, and all other persons acting or claiming to act on their behalf or in concert with them, from engaging in any conduct and from adopting any practice, plan, program or device having a similar purpose or effect to the anticompetitive actions set forth above;

174.    Award the Plaintiff States all damages sustained by and permitted to be recovered by the States (as direct purchasers, assignees of direct purchasers or as indirect purchasers) and for all additional damages, penalties and other monetary relief provided by applicable law, including treble damages;

175.    Award Plaintiff States such other equitable relief, including, but not limited to, restitution and disgorgement, as the Court finds necessary to redress Defendants' violations of federal and state law;

176.    Award Plaintiff State of Illinois all damages sustained by its consumers, and all additional damages, penalties and other monetary relief provided by applicable law, including treble damages.

177.    Award to each Plaintiff State the maximum civil penalties allowed by law;

178.    Directing such other and further relief as the Court deems just and proper.

## XII. JURY TRIAL DEMAND

Plaintiff States demand a trial by jury.


DATED: April 13, 2005


Respectfully submitted,

PLAINTIFF STATES


STATE OF MARYLAND
J. JOSEPH CURRAN, JR.
Attorney General
Ellen S. Cooper
Chief, Antitrust Division

Meredyth Smith Andrus
Assistant Attorney General
Antitrust Division
200 St. Paul Street
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Facsimile: (410) 576-7830

STATE OF ALABAMA
TROY KING
Alice M. Maples
Chief, Consumer Protection and Antitrust
Section
11 South Union Street
Montgomery, Alabama 36130
Telephone: (334) 353-3763
Facsimile: (334) 242-2433

STATE OF ALASKA
SCOTT J. NORDSTRAND
Acting Attorney General
Edward Sniffen
Assistant Attorney General
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5200
Facsimile: (907) 276-8554

STATE OF ARIZONA
TERRY GODDARD
Attorney General
Nancy M. Bonnell
Antitrust Unit Chief
Public Advocacy Division
1275 West Washington Street
Phoenix, Arizona 85007
Telephone: (602) 542-7728
Facsimile: (602) 542-9088

STATE OF ARKANSAS
MIKE BEEBE
Attorney General
Bradford J. Phelps
Assistant Attorney General
Attorney for the State of Arkansas
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: 501-682-3625

STATE OF COLORADO
JOHN W. SUTHERS
Attorney General
Davin M. Laiho
Assistant Attorney General
State of Colorado Department of Law
1525 Sherman Street - Fifth Floor
Denver, Colorado 80203
Telephone: (303) 866-5079
Facsimile: (303) 866-4916

STATE OF CONNECTICUT
RICHARD BLUMENTHAL
Attorney General
Michael E. Cole
Assistant Attorney General
Department Head/Antitrust Department
Arnold B. Feigin
Assistant Attorney General
55 Elm Street
Hartford, Connecticut 06106
Telephone: (860) 808-5040

STATE OF DELAWARE
M. JANE BRADY
Attorney General
Michael A. Undorf
Deputy Attorney General
Fraud and Consumer Protection Division
Office of the Attorney General
820 North French Street, 5th Floor
Wilmington, Delaware 19801
Telephone: (302) 577-8924
Facsimile: (302) 577-6987

DISTRICT OF COLUMBIA
ROBERT J. SPAGNOLETTI
Attorney General
David M. Rubenstein
Deputy Attorney General
Public Safety Division
Bennett Rushkoff
Chief, Consumer & Trade Protection Sec.
Anika Sanders Cooper
Assistant Attorney General
441 4th Street, N.W., Ste. 450N
Washington, DC 20001
Telephone: (202) 727-6241
Facsimile: (202) 727-6546

STATE OF FLORIDA
CHARLIE CRIST
Attorney General
Patricia A. Conners, Esq.
Director, Antitrust Division
Elizabeth G. Arthur, Esq.
Assistant Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3600
Facsimile: (850) 488-9134

STATE OF GEORGIA
THURBERT E. BAKER
Attorney General
Sidney R. Barrett, Jr.
Senior Assistant Attorney General
Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334
Telephone: (404) 656-3202
Facsimile: (404) 656-0677

STATE OF HAWAII
MARK J. BENNETT
Attorney General
Deborah Day Emerson
Rodney I. Kimura
Deputy Attorneys General
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1180
Facsimile: (808) 586-1205

STATE OF IDAHO
LAWRENCE WASDEN
Attorney General
Brett T. DeLange
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
Attorney for the State of Idaho
Len B. Jordan Building
650 W. State St., Lower Level
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: 208-334-2424

STATE OF ILLINOIS
LISA MADIGAN
Attorney General
Robert W. Pratt
Chief, Antitrust Bureau
Attorney for the State of Illinois
Office of the Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601

STATE OF INDIANA
STEVE CARTER
Attorney General
Terry Tolliver
Deputy Attorney General
Consumer Protection Division
Office of the Indiana Attorney General
302 West Washington St., IGCS 5th Floor
Indianapolis, Indiana 46204
Telephone: (317) 233-3300
Facsimile: (317) 233-4393

STATE OF IOWA
THOMAS J. MILLER
Attorney General
John F. Dwyer
Attorney
Layne M. Lindebak
Assistant Attorney General
Special Litigation Division
Iowa Department of Justice
2nd Floor Hoover Office Bldg.
Des Moines, Iowa 50319
Telephone: (515) 281-7054
Facsimile: (515) 281-4902

STATE OF KANSAS
PHIL KLINE
Attorney General
Karl R. Hansen
Assistant Attorney General
120 SW 10th St., 2nd Floor
Topeka, Kansas 66612

COMMONWEALTH OF KENTUCKY
GREGORY D. STUMBO
Attorney General
David Vandeventer
Assistant Attorney General
1024 Capital Center Drive
Frankfort, Kentucky 40601
Telephone: (502) 696-5389
Facsimile: (502) 573-8317

STATE OF LOUISIANA
CHARLES C. FOTI, JR.
Attorney General
Jane Bishop Johnson
Assistant Attorney General/Antitrust
Louisiana Department of Justice
1885 N. 3rd St., 4th Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6465
Facsimile: (225) 326-6499

STATE OF MAINE
G. STEVEN ROWE
Attorney General
Christina M. Moylan
Assistant Attorney General
6 State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8800
Facsimile: (207) 624-7730

COMMONWEALTH OF
MASSACHUSETTS
THOMAS F. REILLY
Attorney General
Judith M. Whiting
BBO No. 600865
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
Telephone: (617) 727-2200, ext. 2959
Facsimile: (617) 727-5765

STATE OF MICHIGAN
MICHAEL A. COX
Attorney General
Michelle M. Rick
Assistant Attorney General
Consumer Protection Division
Antitrust Section
Attorneys for the State of Michigan
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48913
Telephone: (517) 373-1123

STATE OF MINNESOTA
MIKE HATCH
Attorney General
Ann Beimdiek Kinsella
Assistant Attorney General
Manager Health/Antitrust Division
Minnesota Attorney General's Office
445 Minnesota Street, Ste. 1200
St. Paul, Minnesota 55101
Telephone: (651) 296-6427
Facsimile: (651) 282-5437

STATE OF MISSISSIPPI
JIM HOOD
Attorney General
C. Grant Edgepeth
Sondra S. McLemore
Special Assistant Attorneys General
Post Office Box 22947
Jackson, Mississippi 39225
Telephone: (601) 359-3748
Facsimile: (601) 359-4231

STATE OF MISSOURI
JEREMIAH W. (JAY) NIXON
Attorney General
Anne E. Schneider
Antitrust Counsel
P.O. Box 899
Jefferson City, Missouri 65102
Telephone: (573) 751-8455
Facsimile: (573) 751-7948

STATE OF MONTANA
CORT JENSEN
Special Assistant Attorney General
1219 8th Avenue
Helena, Montana 59620
Telephone: (406) 444-5439
Facsimile: (406) 444-9680

STATE OF NEBRASKA
JON BRUNING
Attorney General
Leslie C. Levy
Assistant Attorney General
Nebraska Attorney General's Office
2115 State Capitol Building
Lincoln, Nebraska 68509

STATE OF NEVADA
BRIAN SANDOVAL
Attorney General
Adriana Escobar Chanos
Consumer Advocate & Chief Deputy
    Attorney General
Bureau of Consumer Protection
555 E. Washington Ave., Suite 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3579
Facsimile: (702) 486-3283

STATE OF NEW HAMPSHIRE
KELLY A. AYOTTE
Attorney General
David A. Rienzo
Assistant Attorney General
Consumer Protection and Antitrust Bureau
Office of the Attorney General
33 Capitol Street
Concord, New Hampshire 03301
Telephone: (603) 271-3643

STATE OF NEW JERSEY
PETER C. HARVEY
Attorney General
Steven J. Zweig
Deputy Attorney General
Antitrust and Procurement Fraud Bureau
New Jersey Division of Criminal Justice
25 Market Street, P.O. Box 085
Trenton, New Jersey 08625-0020
Phone: (609) 984-3878 fax: (609) 633-7798

STATE OF NEW MEXICO
PATRICIA A. MADRID
Attorney General
Deyonna Young
Assistant Attorney General
111 Lomas Boulevard, NW, Ste. 300
Albuquerque, New Mexico 87102
Telephone: (505) 222-9089
Facsimile: (505) 222-9086

STATE OF NEW YORK
ELIOT SPITZER
Attorney General
Robert L. Hubbard
Director of Litigation, Antitrust Bureau
Attorney for the State of New York
New York State Department of Law
120 Broadway, Suite 26C
New York, New York 10271-0332
Telephone: 212-416-8267

STATE OF NORTH CAROLINA
ROY A. COOPER, III
Attorney General
K.D. Sturgis
North Carolina Department of Justice
114 W. Edenton Street
9001 Mail Service Center
Raleigh, North Carolina 27699
Telephone (919) 716-6000
Facsimile: (919) 716-6050

STATE OF NORTH DAKOTA
WAYNE STENEHJEM
Attorney General
Todd A. Sattler
Assistant Attorney General
Consumer Protection & Antitrust Division
P.O. Box 1054
4205 State Street
Bismarck, North Dakota 58502-1054
Telephone: (701) 328-5570
Facsimile: (701) 328-5568

STATE OF OHIO
JIM PETRO
Attorney General
Mitchell L. Gentile
Principal Attorney
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215
Telephone: (614) 466-4328
Facsimile: (614) 995-0266

STATE OF OKLAHOMA
W. A. DREW EDMONDSON
Attorney General
Kathryn Walker
Assistant Attorney General
4545 N. Lincoln Blvd., Ste. 260
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-0071
Facsimile: (405) 522-0085

STATE OF OREGON
HARDY MYERS
Attorney General
Tim Nord
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
Telephone: 503-947-4333
Facsimile: 503 378-5017

COMMONWEALTH OF
PENNSYLVANIA
TOM CORBETT
Attorney General
James A. Donahue, III
Chief Deputy Attorney General
Joseph S. Betsko
Deputy Attorney General, Antitrust Section
14th Floor, Strawberry Square
Harrisburg, Pennsylvania 17120
Telephone: (717) 787-4530
Facsimile: (717) 705-7110

COMMONWEALTH OF PUERTO RICO
ROBERT J. SÁNCHEZ RAMOS
Secretary of Justice
GPO Box 902192
San Juan, Puerto Rico 00902-0192
http://www.justicia.gobierno.pr

STATE OF RHODE ISLAND
PATRICK C. LYNCH
Attorney General
Edmund F. Murray, Jr.
Special Assistant Attorney General
Chief, Antitrust Division
150 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-4400, x2401
Facsimile (401) 222-2995

STATE OF SOUTH CAROLINA
HENRY MCMASTER
Attorney General
C. Havird Jones, Jr.
Senior Assistant Attorney General
Rembert C. Dennis Building
1000 Assembly Street, Suite 501
Columbia, South Carolina 29211-1549
Telephone: (803) 734-3680
Facsimile: (803) 734-3677

STATE OF SOUTH DAKOTA
LAWRENCE E. LONG
Attorney General
Jeffrey P. Hallem
Assistant Attorney General
500 East Capitol Avenue
Pierre, South Dakota 57501-5070
Telephone: (605) 773-3215
Facsimile: (605) 773-4106

STATE OF TENNESSEE
PAUL G. SUMMERS
Attorney General and Reporter of Tennessee
Dennis J. Garvey
Deputy Attorney General
Antitrust Division
S. Elizabeth Martin
Senior Counsel
P.O. Box 20207
Nashville, Tennessee 37202-1026

STATE OF TEXAS
GREG ABBOTT
Attorney General
Mark A. Levy
Assistant Attorney General
Antitrust and Civil Medicaid Fraud Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1847
Facsimile (512) 320-0975

STATE OF UTAH
MARK L. SHURTLEFF
Attorney General
Ronald J. Ockey
Assistant Attorney General
Commercial Enforcement Division
Office of the Attorney General
160 E. 300 So., 5th Floor
Salt Lake City, Utah 84111
Telephone: (801) 366-0359
Facsimile: (801) 366-0315

STATE OF VERMONT
WILLIAM H. SORRELL
Attorney General
Julie Brill
Assistant Attorney General and Director of
 Antitrust
Attorney for State of Vermont
109 State Street
Montpelier, Vermont 05609-1001
Telephone: (802) 828-3658

TERRITORY OF THE VIRGIN ISLANDS
ALVA A. SWAN
Acting Attorney General
Elliott M. Davis
Solicitor General
Douglas J. Juergens
Assistant Attorney General
Virgin Islands Department of Justice
3438 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, Virgin Island 00802
Telephone: (340) 774-5666
Facsimile: (340) 774-9710

COMMONWEALTH OF VIRGINIA
JUDITH WILLIAMS JAGDMANN
Attorney General
Sarah Oxenham Allen
Assistant Attorney General
Antitrust and Consumer Litigation
 Section
900 E. Main Street
Richmond, Virginia 23219
Telephone: (804) 786-6557

STATE OF WASHINGTON
ROB MCKENNA
Attorney General
Tina E. Kondo
Senior Assistant Attorney General
Antitrust Division Chief
Antitrust Division
Attorney for the State of Washington
900 Fourth Avenue, Suite 2000
Seattle, Washington 98164
Telephone: (206) 464-7589

STATE OF WISCONSIN
PEGGY A. LAUTENSCHLAGER
Attorney General
Eric J. Wilson
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
P.O. Box 7857
Madison, Wisconsin 53707-7857
Telephone: (608) 266-8986
Facsimile: (608) 267-2278

STATE OF WYOMING
PATRICK J. CRANK
Joe A. Baca
Senior Assistant Attorney General
123 Capitol Building
Cheyenne, Wyoming 82002
Telephone: (307) 777-3730
Facsimile: (307) 777-3435