UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE RELAFEN ANTITRUST LITIGATION | ) ) Master File ) No. 01-CV-12239-WGY ) |
| STATE OF MARYLAND, et al., | ) 04 11726 WGY ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| SMITHKLINE BEECHAM CORPORATION | ) ) ) |
| and | ) ) |
| SMITHKLINE BEECHAM PLC, | ) ) |
| Defendants. | ) ) |

## ORDER OF DISMISSAL

AND NOW, this __9th__ day of ~~February~~ May, 2005, upon review of the Settlement Agreement by and among the Parties, it is hereby ORDERED as follows:

1. The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

    (a) The Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

    (b) The Settlement Fund is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities, and

917006.1.50 2/15/05 9:20 AM
917006.1.PHI_LIT_50

(c) The assets of the Settlement Fund are segregated from other assets of GSK, the transferor of payments to the Settlement Fund, and the Settlement Administrator.

2. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The Settlement Fund met the requirements of paragraphs 1(b) and 1(c) of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and

(b) GSK and the Settlement Administrator may jointly elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund met the requirements of paragraphs 1(b) and 1(c) of this order or January 1 of the calendar year in which all of the requirements of paragraph 1 of this Order are met. If such relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

3. All claims in Civil Action No. 04-11726 WGY are DISMISSED WITH PREJUDICE. Each party is to bear its own costs.

SO ORDERED:

William G. Young
Chief Judge